J2SHORTESS, Chief Judge.
The mother of eight children appeals the judgment of the trial court ordering a change of the permanent-placement plan from reunification to adoption for three of her children, K.A., Sh.A., and S.A. She seeks to have the permanent-placement plan for those children returned to reunification status.
The mother, 41 years of age, gave birth to eight children: female child D.O.B. June 5, 1981; female child D.O.B. July 14, 1982; female child D.O.B. March 9, 1986; male child D.O.B. July 19, 1988 (K.A.); twin female children D.O.B. August 13, 1992 (Sh.A. and S.A.); and two other children who are currently majors. Since 1987, the mother and her children have been involved with state agencies. In 1987, the Department of Health and Human Resources was involved with the custody of the eldest child. In 1989, the children were reported to the Baton Rouge Child Protection Center, after the mother left them alone without food, and the home was found in an extremely unclean condition. In 1990, the Department of Social Services/Office of Community Services (OCS) began the assessment and the provision of concrete services to this family because of reports of disciplinary problems and the mother physically abusing and neglecting the children. At this time, the eldest child, then age 10, was before the court on charges of aggravated assault and simple battery. Also, the family went to an agency for assistance, where the eldest child was observed with bruises and the children were not clean and had not eaten. Over the years, the children have been in and out of OCS’s custody and have been placed in various foster homes, group homes, and mental facilities. Each of the children has been diagnosed with behavioral disorders and/or learning disabilities as well as other problems. The mother has received counseling on the proper way to raise children with special needs and therapy for her own disorders. OCS has attempted to assist the mother in obtaining employment and housing, budgeting to pay her bills, training to keep her home clean, and acquiring assistance to pay her utility bills and rent.
In April 1996, the mother and the six minor children were referred to a psychiatrist, Dr. Rennie Culver, for evaluation. He recommended the children not be returned to their mother, and that some of the children be placed for adoption. In 1997, a disposi-tional review hearing was set by the court to determine the ^permanent-placement plan for the children. In November 1997, the family was evaluated in a report prepared for the court hearing, and the agency recommended adoption for the three youngest children and long-term foster care for the three *1080 older children. On December 30, 1997, a 'hearing was held to determine the permanent-placement plan for the six minor children. The juvenile court ordered reunification as the permanent-placement plan for the three older children and adoption • for the three younger children. The mother appeals.
The mother contends the juvenile court committed legal error by modifying the existing plan for reunification to adoption for the three younger children without requiring the State to satisfy its burden of proof as required by Louisiana law. Specifically, the mother contends the juvenile court committed error in admitting unreliable evidence submitted by the State.
At the hearing, the State entered into evidence the entire court record. The State directed the court’s attention to the medical evaluation dated 1996 and the court reports. It recommended changing the permanent-placement plan for the three youngest children to adoption. The mother objected to entering the reports into evidence, contending they were untimely and were hearsay. The mother stated a more recent evaluation of the family should have been taken, and Culver, who wrote the 1996 report, was not available at the hearing for cross-examination. The court overruled the objection. It found the report was relevant, but stated the age of the report would be considered in determining what weight it should be given.
Louisiana Children’s Code article 702(A) provides for dispositional-review hearings as follows:
The court shall conduct a dispositional review healing within nine months after the disposition hearing if the child was removed prior to disposition or within twelve months if the child was removed at disposition, but in no case more than twelve months after the removal. Disposi-tional reviews shall continue to be held at least once every twelve months thereafter until the child is permanently placed or earlier upon motion of a party for good cause shown or on the court’s own motion.
Children’s Code article 709 provides for admissibility of evidence:
The court shall consider all relevant evidence offered by the parties and may limit the admissibility or weight of any evidence which it deems unreliable, cumulative, or unduly dilatory.
pThe State argues that based upon article 709, the court can consider any “relevant evidence,” and “[t]he record is not unreliable.” The State also contends “[i]t would be a waste of judicial resources to rehash almost 10 years of activity on a case when that information has already been submitted and is contained in the record.”
However, as cited by appellant, the United States Supreme Court has recognized that the right to rear one’s child is a fundamental liberty interest and any infringement of that right must pass the test of a heightened scrutiny.[1] When considering evidence to terminate this fundamental interest, the evidence must be relevant, which includes as a predicate: timeliness. Children’s Code article 709 does not define “relevant evidence.” The State directed the court specifically to two items in the record, the Culver report and the report' of the social worker, Linda Crockett. Crockett’s report relies in large measure on Culver’s report. The trial court stated, when overruling appellant’s objection to the introduction of the reports into evidence,
“[TJhere is no request for re-evaluation at any point. So, I will go ahead, at this time, and ... allow the introduction of the record for purposes of consideration for this hearing and ... particularly Dr. Cul-ver’s report, over your objection, Mr. Walsh.”
However, it was the State’s burden to prove its case to have the permanent-placement plan changed; therefore, the State should have requested a re-evaluation of the family to show the necessity of modifying the current placement plan. As noted by appellant, Culver’s report was introduced at the August 16,1996, dispositional hearing, and the placement plan did not change at that time. Furthermore, counsel for the children admitted *1081 at the complained-of hearing, “I’m gonna have to agree there isn’t anything else introduced to change it from reunification. I have to agree with that....” Because we find the Culver report was stale and the State failed to obtain a current re-evaluation, we reverse the portion of the judgment changing the permanent-placement plan of the three youngest children to adoption. We find that use of the Culver report under the cireum-stances |sof this case was legal error, especially since it was old and Dr. Culver was not available for cross-examination.
We affirm the remainder of the judgment and remand this case to the trial court in order to have the family re-evaluated, after which a dispositional review hearing should be held and a new permanent placement plan rendered for K.A., Sh.A., and S.A. All other assignments of error are moot. Costs of appeal are assessed to the Department of Social Services in the amount of $818.84.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).